UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER WELLS | No. 20 CR 334<br><br>Judge John F. Kness |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, under Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and defendant's counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but potential witnesses and their counsel may not retain copies without prior permission of the Court.

3. Defendant, defendant's counsel, and Authorized Persons shall not copy or reproduce the Materials except to provide copies of the Materials for use in connection with this case by defendant, defendant's counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original Materials.

4. Defendant, defendant's counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original Materials.

5. Before providing Materials to Authorized Persons, defense counsel must provide the Authorized Persons with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any Materials are produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right

to request the return of the Materials and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Materials if in hard copy, and in the case of electronic Materials, shall certify in writing that all copies of the specified Materials have been deleted from any location in which the Materials were stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery Materials in judicial proceedings in this case.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED.

Date: July 10, 2020

_____
JOHN F. KNESS
United States District Judge